UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CAROL SUE ALLEN, ET AL. | § |
| | § |
| v. | §    CIVIL NO. 4:20-CV-290-SDJ |
| | § |
| SHERMAN OPERATING COMPANY, | § |
| LLC | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 9, 2021, the Magistrate Judge entered a Report and Recommendation ("Report"). (Dkt. #68). In the Report, the Magistrate Judge recommended that Defendant Sherman Operating Company, LLC's ("Sherman Operating") First Amended Motion for Summary Judgment ("Motion"), (Dkt. #36), be granted. Plaintiffs Carolyn Sue Allen and Christopher James Allen (collectively, the "Allens") filed Objections, (Dkt. #69), to which Sherman Operating filed a response, (Dkt. #71).

The Court has conducted a de novo review of the Objections and the portions of the Report to which the Allens specifically object, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and that the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

1

# I. BACKGROUND

In 2018, Carol Allen allegedly tripped and fell over an eighteen-foot-long phone cord and sustained injuries. *See* (Dkt. #17 ¶¶ 13–15); (Dkt. #36-2 at 2–3). She then filed a claim for benefits under Sherman Operating's Employee Injury Benefit Plan ("Plan"), which Sherman Operating offered under the Employee Retirement Income Security Act ("ERISA"). (Dkt. #36-8). Sherman Operating, through the Plan Administrator and Appeals Committee, rendered two adverse decisions. The first adverse decision partially denied Carolyn Allen's claim, as some of the injuries she identified were pre-existing conditions, and the second adverse decision terminated Carolyn Allen's benefits under the Plan, as the Plan Administrator concluded she had reached her maximum level of recovery, had not complied with the Plan's provisions, and had abandoned her employment. *See* (Dkt. #36-8 at 29–30, 32–35); (Dkt. #59-1). Subsequently, the Allens initiated this lawsuit, wherein they assert three causes of action: (1) premises liability, (2) loss of household services, and (3) violations of ERISA. *See* (Dkt. #17 at 3–4). Sherman Operating moved for summary judgment on all three claims. (Dkt. #36).

Based on the summary judgment evidence, the Report recommended the following: (1) summary judgment should be granted as to the premises liability claim, as the phone cord was an open and obvious condition; (2) summary judgment should be granted as to the loss of household services claim, as there was no underlying tort to which it could attach; and (3) summary judgment should be granted as to the ERISA claims, as the Plan Administrator and Appeals Committee did not abuse their discretion when they partially denied Carolyn Allen's claim and terminated her

benefits under the Plan. (Dkt. #68). The Allens then filed Objections, (Dkt. #69), to which Sherman Operating filed a response, (Dkt. #71).

## II. DISCUSSION

The Allens raise three objections to the Report: (1) the Magistrate Judge erroneously found the phone cord an open and obvious danger as a matter of law; (2) even if the phone cord was an open and obvious danger, the "necessary-use exception" precludes summary judgment; and (3) the Magistrate Judge erroneously reviewed the Plan Administrator's and Appeals Committee's adverse decisions under an abuse of discretion standard of review instead of a de novo standard, leading the Magistrate Judge to erroneously uphold the termination of Carolyn Allen's benefits. (Dkt. #69).

### A. Open and Obvious

The Allens argue the Magistrate Judge erred in concluding the phone cord was an open and obvious danger. *See* (Dkt. #69 at 1–5). However, the Allens' argument in their Objections is a nearly verbatim recitation of the arguments raised before the Magistrate Judge. *Compare* (Dkt. #37 at 5–9) *with* (Dkt. #69 at 1–5). The Allens fail to identify how the Magistrate Judge erred in her legal reasoning and how her assessment of the case law was incorrect. "Objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review." *Tilley v. Director, TDCJ-CID*, No. 6:18-cv-163, 2020 WL 5534537, at *1 (E.D. Tex. Sept. 14, 2020). Nonetheless, the Court has conducted a careful de novo review of the record and the Report and has determined that the Magistrate Judge

3

correctly determined the phone cord was an open and obvious condition. Accordingly, this objection is **OVERRULED**.

**B. Necessary Use**

Next, the Allens argue that even if the phone cord was an open and obvious dangerous condition, the necessary-use exception precludes summary judgment.[1] *See* (Dkt. #69 at 5–7). Having conducted a de novo review, the Court disagrees.

Under Texas law, "[a]n employer may owe a duty to warn of open and obvious dangers when 'it is necessary that the employee use the dangerous premises and the employer should anticipate that the employee is unable to take measures to avoid the risk.'" *Prado v. Lonestar Res., Inc.*, — S.W.3d —, No. 04-19-00543-CV, 2021 WL 3173931, at *7 (Tex. App.—San Antonio July 28, 2021, no pet.) (footnote omitted) (quoting *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 210 (Tex. 2015)). "This 'necessary use' duty is 'specific and narrow.'" *Id.* In instances where this exception applies, neither the obviousness of the danger nor the employee's awareness of the risk will relieve a property owner of the duty to make the premises reasonably safe. *Bisacca v. Pilot Travel Ctrs., LLC*, 476 F.Supp.3d 429, 436 (N.D. Tex. Aug. 5, 2020) (citing *Austin*, 465 S.W.3d at 204).

The necessary-use exception does not apply in this case. Although Carolyn Allen claimed in her affidavit that she had no choice but to use the walkway in front

---

[1] The Allens argue, correctly, that the Magistrate Judge did not address the necessary-use exception in the Report. However, because the issue was fully briefed before the Magistrate Judge, *see* (Dkt. #37 at 9–10); (Dkt. #38 at 7–8), the Court finds that in recommending granting summary judgment on the premises liability claim, the Magistrate Judge implicitly found that this exception does not apply.

4

of the phone and its cord, (Dkt. #37-4 at 3), there is no evidence that Sherman Operating "should have anticipated that [s]he was unable to avoid the alleged unreasonable risk associated with the condition despite [her] awareness." *Simpson v. Orange Cnty. Bldg. Materials, Inc.*, No. 09-18-00240-CV, 2019 WL 470090, at *5 (Tex. App.—Beaumont Feb. 7, 2019, no pet.) (mem. op.). There is no genuine dispute that Carolyn Allen could have watched where she was walking and taken measures to avoid tripping over the phone cord. *Cf. Kennedy v. Wal-Mart Stores Tex., LLC*, No. 03-19-00587-CV, 2020 WL 1943357, at *3 (Tex. App.—Austin Apr. 23, 2020, no pet.) (mem. op.) (finding necessary use exception inapplicable where plaintiff could have spun carousel clockwise, not spun carousel at all, or asked checker to hand bottle to her to avoid wine bottle falling on her foot).

Carolyn Allen did not provide any evidence that Sherman Operating "assigned [a] task that prevented [her] from watching where [s]he was walking." *Pikulin v. Asarco, LLC*, No. 2:18-CV-4-D, 2018 WL 6338337, at *4 (N.D. Tex. Nov. 5, 2018). And on at least two prior occasions, she had avoided the allegedly unreasonable risk by picking up the phone cord and tucking it behind a wall. *See* (Dkt. #36-2 at 3–4). Similarly, one of Carolyn Allen's colleagues testified the phone cord was "visible" against the floor, (Dkt. #38-1 at 4), and other colleagues would "try to roll [the phone cord] up" to prevent the phone cord from "dangling" in the walkway. (Dkt. #37-1 at 8). For these reasons, there is no genuine dispute that Carolyn Allen could have taken precautionary measures to avoid the phone cord, and accordingly, no reasonable jury

5

could conclude that the "specific and narrow" necessary use exception should apply here. This objection is **OVERRULED**.

**C. Abuse of Discretion**

Finally, the Allens argue that the Magistrate Judge erroneously reviewed the Plan Administrator's and Appeals Committee's adverse decisions under an abuse of discretion standard. *See* (Dkt. #69 at 7–8). The Allens cite *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 250–56 (5th Cir. 2018) (en banc), for the proposition that the standard of review should be de novo. *See* (Dkt. #69 at 8). The Allens misunderstand the Fifth Circuit's holding in *Ariana M.*, and the Magistrate Judge did not err in reviewing the adverse decisions for abuse of discretion.

As the Magistrate Judge correctly stated: "When a district court reviews an ERISA plan administrator's benefits determination, the court applies a *de novo* standard of review unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." (Dkt. #68 at 10) (citation omitted). Where an ERISA plan contains a valid delegation clause, a district court affords the plan administrator deference and reviews the plan administrator's decision for abuse of discretion. *See Rittinger v. Healthy All. Life Ins. Co.*, 914 F.3d 952, 955 (5th Cir. 2019).

In *Ariana M.*, an en banc panel of the Fifth Circuit overruled prior precedent and held that where an ERISA plan does *not* contain a discretionary clause giving the plan administrator discretionary authority, the administrator's denial of benefits is subject to de novo review rather than review for abuse of discretion, regardless of whether the denial is based on a legal or factual determination. 884 F.3d at 255–56.

6

The Fifth Circuit acknowledged that the Texas Legislature amended the Texas Insurance Code to prohibit discretionary clauses in insurance policies, which rendered discretionary clauses in insurance policies unenforceable. *Id.* at 248. However, the Fifth Circuit did not hold that discretionary clauses in ERISA plans not governed by the Texas Insurance Code are unenforceable. In cases post-dating *Ariana M.*, the Fifth Circuit has reviewed a plan administrator's decision for abuse of discretion where the ERISA plan contains a clause delegating discretionary authority to the plan administrator. *See, e.g.*, *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 952 F.3d 708, 713 (5th Cir. 2020); *Clark v. CertainTeed Salaried Pension Plan*, 860 F.App'x 337, 339 (5th Cir. 2021); *Youboty v. NFL Player Disability*, 856 F.App'x 497, 499 (5th Cir. 2021). The Magistrate Judge acknowledged such in her Report. *See* (Dkt. #68 at 15 n.2).

Moreover, the provision of the Texas Insurance Code banning discretionary clauses applies only to certain insurance policies. *See* TEX. INS. CODE § 1701.062(a); *Hunter v. Baylor Health Care Sys.*, No. 3:18-CV-0881-N, 2019 WL 3818838, at *2 (N.D. Tex. Aug. 14, 2019). Sherman Operating contends that the Plan is not an insurance policy within the meaning of the statute. (Dkt. #71 at 7). Having reviewed the Plan, (Dkt. #36-8), the Court agrees. Section 1701.062(a) states that "[a]n insurer may not use a document described by Section 1701.002 in the state if the document contains a discretionary clause." TEX. INS. CODE § 1701.062(a). The documents referenced in Section 1701.062(a) and "described by Section 1701.002" are "form[] [insurance policy documents] that [insurance companies] may use in transacting

7

their business," and such form policies must be filed with the Texas Department of Insurance ("TDI"). *Hegar v. Health Care Serv. Corp.*, No. 03-19-00864-CV, 2020 WL 7294614, at *3 (Tex. App.—Austin Dec. 11, 2020, pet. filed) (mem. op.); *see also id.* ("A form that is subject to chapter 1701 must be filed with and approved by TDI . . . ." (citing TEX. INS. CODE § 1701.051)). Thus, Section 1701.062(a) concerns form insurance policy contracts developed by insurance companies, approved by TDI, and issued by insurers. *See* TEX. INS. CODE §§ 1701.002, 1701.062(a). On its face, the Plan, which establishes an employee injury benefit plan designed to comply with ERISA and under which benefits are paid by Sherman Operating itself, is not the type of document contemplated by these provisions of the Texas Insurance Code. Neither party alleges that the Plan was a "form" insurance policy submitted to or approved by TDI, and the Court cannot conceive that it was. Therefore, Section 1701.062(a) does not apply to the Plan, and the Court finds that the discretionary clause is lawful and valid.

Because the discretionary clause is valid, the Magistrate Judge properly reviewed the Plan Administrator and Appeals Committee's adverse decisions for abuse of discretion. The Court further finds that the Magistrate Judge correctly found no abuse of discretion occurred. For these reasons, this objection is **OVERRULED**.

### III. CONCLUSION

Based on the foregoing, the Court finds that the Allens' Objections, (Dkt. #69), are **OVERRULED**.

Sherman Operating's Motion for Summary Judgment, (Dkt. #36), is hereby **GRANTED**.

**IT IS ORDERED** that the claims asserted against Sherman Operating in the Allens' Amended Complaint, (Dkt. #17), are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 2nd day of December, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE